**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0248n.06
Filed: April 10, 2006

No. 05-5364

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
　　*Plaintiff-Appellee,*

v.

MARTEL J. CLEMONS,
　　*Defendant-Appellant*.

On Appeal from the
United States District Court for
the Eastern District of Tennessee

_____

Before: KENNEDY, MOORE, and SUTTON, Circuit Judges

**KENNEDY, J.** Martel J. Clemons ("defendant") appeals from his conviction for possessing

with the intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1).

On appeal, defendant argues that his conviction resulted from an investigative detention conducted

without reasonable and articulable suspicion in violation of his rights under the Fourth Amendment

of the U.S. Constitution. For the following reasons, we **AFFIRM** his conviction.

**BACKGROUND**

On September 26, 2002, around 2:30 am, while on patrol, Officer McMillan ("McMillan")

observed a parked car with its engine idling in a vacant business' parking lot across the street from

a housing project. The area was a high crime area known for drug transactions, many of them from

automobiles. Further, McMillan recognized the car as one from which he had previously seized

crack.

After circling the block once in his marked police car, McMillan, in uniform, approached the car on foot. As he was walking toward the car, he noted two people in the car and saw the passenger lean down and reach underneath the seat. This action by the passenger caused McMillan to suspect, based on his previous experience, that the passenger was hiding some sort of contraband. When McMillan arrived at the car, he shined his flashlight in the car. He testified that, though it was raining, he noticed that the occupants appeared sweaty and glassy-eyed. He suspected that they were intoxicated.

Neither occupant responded when he knocked on the passenger's window and asked that they roll down the window. The occupants stared straight ahead. After McMillan knocked on the passenger window for a short time longer, defendant, the occupant of the car on the driver's side, exited the vehicle and faced him across the car. McMillan ordered defendant to get back in the car. He did not comply, so McMillan ordered him to place his hands on the car. Defendant briefly complied, but then removed his hands from the car and took them out of view. McMillan repeated the request to keep the hands on the top of the car. McMillan testified he gave these orders for his own safety. With both occupants in the car, he could observe them both. With defendant outside the car, he needed to see defendant's hands to be sure he had no weapon.

At some point, Officer Kiely ("Kiely") and Officer Solomon ("Solomon") arrived and approached defendant. Solomon ordered defendant to place his hands on the roof of the car several times. Defendant complied for a short time each time the order was given, but always removed his hands from the car. Solomon intended to pat down defendant for the officers' safety. Defendant threatened to take the officers' guns and shoot them. Solomon then placed her hand on defendant's back in an attempt to frisk him, but defendant broke her grasp and struggled with Solomon and Kiely

-2-

in an apparent attempt to gain control of Kiely's firearm. During the struggle, Officer Womack ("Womack") arrived and assisted in subduing defendant. After approximately four minutes, defendant was subdued. He was then arrested and searched, which revealed that he was carrying several grams of cocaine base ( "crack"). Defendant was charged in a two-count indictment with possessing with intent to distribute five or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), and with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g).

Defendant moved to suppress the evidence. A magistrate judge held an evidentiary hearing on the motion and issued a report and recommendation that the motion be denied. The magistrate judge found McMillan and Solomon to be credible. On review of defendant's objections to the magistrate judge's report and recommendation, the district court denied the motion holding:

> that the police officers had reasonable articulable suspicion to instigate a *Terry* stop and to conduct a limited pat down of defendant for officer safety. During the pat down, defendant resisted and attempt to grab the officer's gun. Defendant's arrest was justified by his assault upon the officers and the crack cocaine was seized from defendant's pants pocket during a lawful search incident to his arrest.

(J.A. 86)

At trial, the jury found defendant guilty of the drug possession count and acquitted him of the felon in possession of ammunition count. Defendant was sentenced to a statutory mandatory minimum term of imprisonment of 120 months and a term of supervised release. Defendant appeals his conviction.

## ANALYSIS

We review the district court's legal conclusions in a suppression hearing de novo, and the district court's findings of fact for clear error. *United States v. Smith*, 263 F.3d 571, 581 (6th Cir.2001). "A factual finding is clearly erroneous when the reviewing court is left with the definite

and firm conviction that a mistake has been made." *Id.* (citation omitted). "[T]he Court considers the evidence in the light most likely to support the district court's decision." *Id.* (quotation marks omitted)).

A law enforcement officer who lacks probable cause sufficient to justify an arrest may briefly detain an individual for investigative purposes without violating the Fourth Amendment if the officer possesses a "reasonable suspicion that [the defendant] was engaged in wrongdoing when [the officer] encountered him." *U.S. v. Sokolow*, 490 U.S. 1, 7 (1989) (courts have taken to calling these brief investigative seizures, *Terry* stops). *See also Terry v. Ohio*, 392 U.S. 1, 30 (1968); *United States v. Lopez-Arias*, 344 F.3d 623, 627 (6th Cir. 2003) (holding that "courts have recognized that a law enforcement officer who lacks probable cause to justify an arrest may nevertheless briefly detain an individual without violating the Fourth Amendment if the officer possesses a reasonable and articulable suspicion that the individual has committed a crime.").

Both parties agree that this case involves a *Terry* stop. Defendant argues that a seizure occurred (and the *Terry* stop began) when McMillan ordered him back into the car, and then ordered him to keep his hands on the car. Def. Br. at 16. The government argues that defendant was not truly seized until Solomon ordered him to keep his hands on top of the car and then attempted to pat him down. *See* Appellee Br. at 16-17. The government makes this argument based in part on the Supreme Court's decision in *California v. Hodari D.*, 499 U.S. 621 (1991), which held that a defendant must submit to a show of authority in order for that defendant to be seized for Fourth Amendment purposes. *See id.* at 629.

At the point that defendant asserts he was seized, McMillan, for his safety, was entitled to command defendant to keep his hands in view. Although the arrival of additional officers may have

reduced the necessity to keep defendant's hands in view on the top of the car, the arriving officers were entitled to enforce the command until the situation was evaluated. When defendant refused to obey Solomon's command and verbally threatened the officer and lunged at Kiely, there was probable cause to arrest him. In light of the fact that there was probable cause to arrest defendant, the officers necessarily had authority to search him incident to that arrest and discover the crack cocaine in his possession. *United States v. Robinson,* 414 U.S. 218, 234-35 (1973) (discussing and affirming the search-incident-to-a-lawful-arrest rule). *See also United States v. Montgomery*, 377 F.3d 582, 586 (6th Cir. 2004).[1]

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.

---

[1]We note that because defendant was sentenced at the statutory mandatory minimum for his crime, the Sentencing Guidelines did not play a role in his case. Thus, *United States v. Booker*, 543 U.S. 220 (2005), and its progeny are inapplicable as well.